IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

DEBI FRYE as
Administrator and Personal
Representative of the ESTATE OF
ELLIS FRYE, and in Her
Individual Capacity

   Plaintiff,

v.                                                    CIVIL ACTION NO.: 3:22-cv-00070
                                                      DEMAND FOR JURY TRIAL

SCOTT H. JENKINS, Culpeper County Sheriff,
COMMONWEALTH OF VIRGINIA,
COUNTY OF CULPEPER, CULPEPER
COUNTY BOARD OF SUPERVISORS,
CULPEPER COUNTY SHERIFF'S OFFICE, and
D. DORROUGH, Culpeper County Sheriff's
Office Lieutenant

   Defendants.

## NATURE OF ACTION

1. This is a civil action for damages and injunctive relief under 42 U.S.C. §1983, 42 U.S.C. §1988(b), and the common law of the Commonwealth of Virginia arising from the willful and wanton killing of Ellis Frye by personnel of the Culpeper County Sheriff's Office.

## JURISDICTION AND VENUE

2. This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States of America; Article I, Sections 1, 10, 11 and 12 of the Virginia State Constitution; 42 U.S.C. § 1983; 42 U.S.C § 1988(b); and Virginia Common Law.

3. This Court has jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343(a).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

1

to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiff's federal claims.

5. Venue is proper in the Western District of Virginia, Charlottesville Division, pursuant to 28 U.S.C. § 1391(b)(1), (2), and (3), because most or all of the Defendants reside and may be found in the Western District of Virginia and a substantial part of the events giving rise to these claims occurred in the Western District of Virginia.

## PARTIES

6. Decedent Ellis Frye was a citizen and resident of the Commonwealth of Virginia.

7. Plaintiff Debi Frye is a citizen and resident of the Commonwealth of Virginia. She has sued all Defendants in her capacity as the personal representative and administrator for the Estate of Ellis Frye and in her individual capacity.

8. Defendant Scott H. Jenkins (hereinafter "Sheriff Jenkins") is the duly-elected Sheriff of Culpeper County. Upon information and belief, Sheriff Jenkins is a citizen and resident of the Commonwealth of Virginia.

9. Defendant Commonwealth of Virginia (hereinafter "Virginia") is a state within the United States of America. The Culpeper County Sheriff's Office is operated under Virginia's authority.

10. Alternatively, Defendant Culpeper County (hereinafter "Culpeper") is a municipal corporation, duly organized and existing under the laws of the Commonwealth of Virginia. Under its authority, the County operates the Culpeper County Sheriff's Office.

11. Alternatively, Defendant Culpeper County Board of Supervisors (hereinafter "the Board") is the governing and legislative body for Culpeper County. Under its authority, the Board operates the Culpeper County Sheriff's Office.

12. Defendant Culpeper County Sheriff's Office (hereinafter "CCSO") is the law

enforcement entity for Culpeper County.

13. Defendant Lieutenant D. Dorrough (hereinafter "Dorrough") is an employee of the Culpeper County Sheriff's Office. Plaintiff is unaware of Dorrough's first name other than the initial "D." Upon information and belief, Dorrough is a citizen and resident of the Commonwealth of Virginia.

14. At all relevant times hereto, Sheriff Jenkins and Dorrough were employed by Virginia. (Alternatively, Sheriff Jenkins and Dorrough were employed by Culpeper County and/or the Board.)

## FACTUAL ALLEGATIONS

15. On November 26, 2020, Ellis Frye (hereinafter "Decedent") and Plaintiff (who was Decedent's wife) were at their home located at 13287 Brock Lane in Culpeper County, Virginia (hereinafter "the Frye Residence").

16. Decedent, an African-American man, became agitated because of activities of workers at a neighboring residence.

17. Sensing a possible confrontation between Decedent and the workers, Plaintiff called the Culpeper County Sheriff's Office (CCSO).

18. Deputies and other personnel from CCSO responded to Plaintiff's call and arrived at the Frye Residence. After ascertaining there was no safety threat at the Frye Residence, the deputies left.

19. Subsequent to the deputies' departure, Christy Keys (daughter of Decedent and Plaintiff) called CCSO to express some concern regarding activities at the Frye Residence.

20. Deputies and other personnel of CCSO returned to the Frye Residence. Upon their arrival, they observed Decedent on his porch holding a rifle.

21. After some time, Decedent went into his house. He later returned to the porch,

allegedly holding two hand guns.

22. CCSO personnel were able to confirm there was no one at the Frye residence other than Decedent.

23. As evidenced by dash cam video footage from a CCSO vehicle, CCSO personnel was on the scene for almost two hours. The vast majority of this time was uneventful.

24. During the course of this incident, additional personnel from CCSO came to the scene. Such personnel included Sheriff Jenkins.

25. After arriving to the Frye Residence, CCSO personnel position themselves around trhe property, with firearms pointed at Decedent.

26. After law enforcement had been at the Frye Residence for over 100 minutes, Decedent stood up and began to walk down from his porch onto the ground below.

27. After taking only a few steps, and without provocation, Decedent was shot by Dorrough. Decedent was struck in the neck and torso.

28. Upon information and belief, Decedent was shot at a distance of 117 feet from law enforcement officers.

29. Decedent died as a result of the shot fired by Dorrough.

30. Under the circumstances detailed herein, the use of force exerted by CCSO was unreasonable and excessive.

31. Defendant CCSO has a history of unreasonable use of force against African-American men. For example, as reported by the Culpeper Star-Exponent in 2021, Donald Francis Hairston was killed by Defendant CCSO under similar circumstances as Decedent. Mr. Hairston was an African-American man, was a neighbor of Decedent's, and was killed at his residence just a few months after Decedent.

32. Defendant CCSO has a history of disparate use of force when dealing with

African-Americans. For example, the Culpeper Star-Exponent reported an incident from August 2018. In that incident, Michael Jones, a white male, "...reportedly fired dozens of rounds from multiple weapons..." As a result, deputies from CCSO responded to a call and appeared on the scene. (The call was to a report of a man repeatedly shooting into a truck.) During an investigation by the deputies, the following weapons were recovered: a double-barrel shotgun, a semi-automatic rifle, and hundreds of rounds of ammunition for each firearm. Mr. Jones allegedly made threats against law enforcement and other. For his actions, Mr. Jones was charged with reckless discharge of a firearm, brandishing a firearm, and domestic assault. Mr. was never shot. Upon information and belief, Defendant CCSO never fired any rounds or exerted any other force against Mr. Jones. (See Attachment.)

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### Violation of 4th Amendment of the U.S. Constitution
### Search and Seizure

33. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs 1 through 32, as if originally pleaded herein.

34. Acting under the color of state law, Defendants seized Decedent at the Frye Residence for purposes of the Fourth Amendment.

35. Defendants did not have probable cause to suspect Decedent had committed a crime.

36. Defendants' actions evidenced a willful, wanton, reckless and callous disregard for, and the deliberate indifference to, Plaintiff's constitutional rights.

37. Hence, Defendants' seizure of Decedent was objectively unreasonable.

38. At all related times herein, the law concerning unreasonable seizures was clearly established.

39. A reasonable officer in the same situation would not have brandished firearms at Decedent and discharged a firearm which struck Decedent in the neck and torso and caused terminal injury.

40. As a result of Defendants' conduct, Decedent was deprived of his rights against unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States of America.

41. As a direct and foreseeable consequence, of this deprivation, Decedent suffered, economic loss, physical harm, emotional trauma, loss of liberty and ultimately incurred terminal injury and harm.

42. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SECOND CAUSE OF ACTION
(42 U.S.C. § 1983)
Violation of 4th Amendment of the U.S. Constitution
Excessive Force

43. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs 1 through 42, as if originally pleaded herein.

44. Acting under the color of state law, Defendants used excessive force against Decedent at the Frye Residence for purposes of the Fourth Amendment.

45. Lieutenant D. Dorrough and other members of CCSO brandished firearms at Decedent while he sat on his porch and as he descended from his porch.

46. Defendants had no reasonable suspicion to believe a crime was afoot at the Frye Residence or that probable cause existed to arrest Decedent for any crime.

6

47. Lieutenant D. Dorrough and other members of CCSO discharged their firearms which struck Decedent in the neck and torso.

48. Defendants' use of lethal force against Decedent was objectively unreasonable.

49. Defendants' actions evidenced a willful, wanton, reckless and callous disregard for and deliberate indifference to Decedent's constitutional rights.

50. As a result of Defendants' conduct, Decedent was deprived of his rights under the Fourth Amendment to be free from excessive force guaranteed by the Constitution of the United States.

51. As a direct and foreseeable consequence of this deprivation, Decedent suffered economic loss, physical harm, emotional trauma, loss of liberty and the loss of his own life.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of 14th Amendment of the U.S. Constitution)

52. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs 1 through 51, as if originally pleaded herein.

53. Acting under the color of state law, Defendants denied Decedent of his right to equal protection of the law at the Frye Residence for purposes of the Fourteenth Amendment.

54. Lieutenant D. Dorrough and other members of CCSO brandished firearms at Decedent while he sat on his porch and as he descended from his porch.

55. Defendants had no reasonable suspicion to believe a crime was afoot at the Frye Residence or that probable cause existed to arrest Decedent for any crime.

56. Lieutenant D. Dorrough and other members of CCSO discharged their firearms which struck Decedent in the neck and torso.

57. Defendants' use of lethal force against Decedent was objectively unreasonable.

7

58. By using excessive, and ultimately deadly, force, Defendants treated Decedent differently than similarly situated white individuals.

59. The disparate treatment experienced by Decedent was a denial of his right to equal protection of the law as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CAUSE OF ACTION
### Negligence

60. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs 1 through 59, as if originally pleaded herein.

61. At all times relevant hereto Defendants owed Decedent, member of the public, a duty to protect. This duty included, but was not limited to, using reasonable force (if at all) against Decedent; preventing others from using unreasonable force against Decedent; and following CCSO's use of force policy.

62. Defendants breached these duties by: failing to follow CCSO's use of force policy (or alternatively, failing to develop and implement such policy); failing to use reasonable force against Decedent, specifically by using deadly force; failing to prevent others from using unreasonable force; failing to properly train CCSO personnel in the use reasonable of force; and retaining personnel that were known, or should have been known, to have a propensity for using excessive force.

63. As a direct and proximate result of Defendants' negligence, Decedent suffered substantial injuries, including significant physical and emotional pain, mental anguish, death, funeral expenses, and other damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION
### Wrongful Death

Virginia Code § 8.01-50

64. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs 1 through 63, as if originally pleaded herein.

65. As detailed herein, Decedent's death was caused by the wrongful act or neglect of Defendants.

66. Had death not ensued, Decedent would have been entitled to maintain an action against Defendants and recover damages.

67. This action has been brought in the name of Decedent's personal representative, namely, Plaintiff.

68. Plaintiff is entitled to damages for: 1) sorrow, mental anguish, and solace; 2) reasonably expected losses of i) Decedent's income and ii) services, protection, and care provided by Decedent; 3) reasonable funeral expenses; and 4) punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION
**Vicarious Liability And Respondeat Superior Against Virginia, Culpeper, and The Board**

69. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs 1 through 68, as if originally pleaded herein.

70. At the time of the incident that forms the basis of this lawsuit, Sheriff Jenkins and Dorrough were employees and/or agents of Virginia, Culpeper, and/or the Board and were acting within the course and scope of their respective employment. As such, Plaintiff invokes the common law doctrine of vicarious liability against Defendant for the individual acts or omissions of its respective employees that caused damage to Plaintiff. Consequently, Plaintiff alleges the following acts and/or omissions of Defendants Virginia, Culpeper, and/or the Board as the proximate cause of Plaintiff's damages:

A. Failure to use a reasonable force under the circumstances;

B. Failure to intervene during use of excessive force by others;

C. Failure to properly train personnel in the use of force;

D. Failure to ensure employees adhere to use of force policy. (Or, alternatively, failure to develop and implement such policy);

E. Violations of Decedent's civil rights as guaranteed by the Fourth Amendment of the United States Constitution;

F. Violations of Decedent's civil rights as guaranteed by the Fourteenth Amendment of the United States Constitution; and

G. Any and all other acts of negligence or civil rights violations for which Defendants may be held liable.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## DAMAGES

71. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution, Plaintiff was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, along with moral and financial support.

72. Plaintiff seeks both survival and wrongful death damages for the violation of both Decedent's and Plaintiff's rights. Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses and loss of financial support.

73. Plaintiff is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or

punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

74. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to 42 U.S.C. Sections 1983 and 1988.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for the following:

1. For general damages, including but not limited to, pain and suffering, mental anguish, and loss of companionship, in the sum of $10,000,000;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in the sum of $10,000,000;

3. For punitive damages in a sum of $10,000,000;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For any and all statutory damages allowed by law;

6. For funeral and burial expenses according to proof;

7. For cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

Respectfully submitted,

DEBI FRYE
By Counsel


/s/ Malik N. Drake
_____

Malik N. Drake, Esq.
VSB #46813
Law Office of Malik N. Drake, PLLC
526 King Street, Suite 213
Alexandria, VA 22314
Telephone: (703) 518-8875
Facsimile: (703) 229-5645
malik@drakelaw.com
*Counsel for Plaintiff*