IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **DEBI FRYE,** Administrator of the Estate of Ellis Frye and in her individual capacity, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | )  Civil Action No. 3:22-cv-00070 |
| **SCOTT H. JENKINS, ET AL.** | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OPINION

Ellis Frye died from gunshot wounds on November 26, 2020, during a standoff at his house with the Culpeper County Sheriff's Department. Debi Frye, administrator of the estate of Ellis Frye, brings this action under 42 U.S.C. § 1983 and the Virginia common law against the Culpeper County Sheriff's Office, Sheriff Scott H. Jenkins, and Lieutenant D. Dorrough.[1] Defendants moved to dismiss the case. Defendants contend that the Eleventh Amendment bars any claims for monetary damages against Jenkins and Dorrough in their official capacities and bars all claims against the Sheriff's Office in federal court. The Sheriff's Office also seeks dismissal because it is neither a legal entity subject to suit nor a "person" within the meaning of § 1983. Jenkins and Dorrough move to dismiss Count III, which asserts a claim for violation of Ellis Frye's equal protection rights under the Fourteenth Amendment. The Motions to Dismiss, Dkts. 32, 34, are well-founded and are **GRANTED**.

---

[1] Frye voluntarily dismissed her claims against the Commonwealth of Virginia, the County of Culpeper, and the Culpeper County Board of Supervisors on March 29, 2023. Dkt. 37.

## I.     The Complaint

Frye asserts in her Complaint that she summonsed the Sheriff's Office to her house on November 20, 2021, when her husband Ellis Frye, an African American man, became agitated because of workers at a neighboring residence. Dkt. 1 at 3. Deputies from the Sheriff's Office responded but left soon after arrival having found no safety threat. Id. The Fryes' daughter called the Sheriff's Office back to the residence later that day, and this time upon arrival, the deputies found Ellis Frye on the porch holding a rifle. Id. A two-hour stand-off with Ellis Frye then ensued. At some point, Ellis Frye retreated into his house and returned holding two handguns. Id. at 3–4. He then began to move from his porch, and after taking only a few steps, was fatally shot in the neck and torso by Dorrough from approximately 117 feet. Id.

In support of her equal protection claim in Count III, Frye alleges that the Sheriff's Office "has a history of unreasonable use of force against African-American men." Id. She alleges that officers from the Sheriff's Office killed her neighbor under similar circumstances a few months after Ellis Frye's death. Id. Frye attaches to the Complaint an article from the Culpeper Star-Exponent, reporting on an incident involving a white male shooting into a truck and threatening officers. Id. at 5. Frye alleges that the Sheriff's Office charged this individual "with reckless discharge of a firearm, brandishing a firearm, and domestic assault" but that the individual "was never shot." Id.

Frye asserts claims under 42 U.S.C. § 1983 against the Sheriff's Office, Sheriff Jenkins and Lieutenant Dorrough for illegal seizure and use of excessive force in violation of the Fourth Amendment (Counts I and II), denial of equal protection under the Fourteenth Amendment (Count III), common law negligence (Count IV), and wrongful death under Va. Code § 8.01-50 (Count V).

## II.     Motion to Dismiss for Lack of Jurisdiction

Defendants argue that the Eleventh Amendment bars suit against the Sheriff's Office in its entirety and against Jenkins and Dorrough in their official capacities. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). Where a defendant is not an individual or a corporation, the capacity to be sued is determined by state law. Fed. R. Civ. P. 17(b)(3). In Virginia, a Sheriff's Office lacks the capacity to be sued. "Local police and sheriff's departments in Virginia are 'non suis juris,' meaning they simply do not have the capacity to be sued." Trantham v. Henry Co. Sheriff's Office, No. 4:10CV00058, 2011 WL 863498, at *5 (W.D. Va. Mar. 10, 2011) (Kiser, J.); see also Davis v. Lancaster, No. 7:22-cv-00410, 2022 WL 17490087, at *4 (W.D. Va. Dec. 7, 2022 (Dillon, J) ("[A] police department is not an entity subject to suit, and so cannot be sued."); Thompson v. City of Danville, No. 4:10cv00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) (Kiser, J). Suits against a Sheriff or the Sheriff's Office are considered suits against the Commonwealth, which cannot be sued absence a waiver of sovereign immunity. Bell v. City of Roanoke Sheriff's Office, No. 7:09-CV-00214, 2009 WL 5083459, at *2 (W.D. Va. Dec. 23, 2009) (Conrad, J). ("It is well settled that, in Virginia, suits against a Sheriff or her deputies in their official capacities, *as well as suits against the Sheriff's Office*, are considered suits against the state." (emphasis added)); Blankenship v. Warren Cty., 931 F. Supp. 447, 449 (W.D. Va. 1996) (Michael, J) ("[T]he Sheriff and the Sheriff's Department are arms of the state."); Skeen v. Washington Cty. Sheriff's Office, No. 1:20cv00017, 2020 WL 6688550, at *3 (W.D. Va. Nov. 12, 2020) (Jones,

J).[2] Accordingly, I **GRANT** the Motion to Dismiss for Lack of Jurisdiction as it relates to the Sheriff's Office. All claims against the Sheriff's Office are dismissed with prejudice.

To the extent Frye alleges official capacity claims for monetary damages against Jenkins and Dorrough, such claims are barred by the Eleventh Amendment. "There is considerable authority holding that the Eleventh Amendment precludes § 1983 official-capacity suits against Virginia Sheriffs and their deputies because they are state, not local officials." Gemaehlich v. Johnson, No. 7:12cv00263, 2013 WL 589234, at *4 (W.D. Va. Feb. 14, 2013) (Wilson, J.); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a state nor an agency of a state is deemed a "person" within the meaning of § 1983, thereby precluding suit for money damages, but that prospective injunctive relief may be sought). However, "Eleventh Amendment immunity does not extend to claims against state officers that seek injunctive relief." Vollette v. Watson, 937 F. Supp. 2d 706, 714 (E.D. Va. 2013) (citing Ex Parte Young, 209 U.S. 123, 159 –160 (1908)). As such, the Eleventh Amendment bars Frye's claims under § 1983 for monetary damages against Jenkins and Dorrough in their official capacities. The Eleventh Amendment bar to suits "to recover money damages from the state or its alter egos acting in their official capacities . . . is equally applicable to pendent state law claims." Parks v. Piedmont Technical College, 76 F.3d 374 (table) (4th Cir. 1996). Accordingly, I **GRANT** the Motion to Dismiss for Lack of Jurisdiction as it relates to Jenkins and Dorrough. The claims seeking monetary damages against Jenkins and Dorrough in their official capacities are dismissed with prejudice.[3]

---

[2] The cases relied upon by Frye allowing a suit against a Sheriff's Department involve employment discrimination actions under Title VII in which there is a specific waiver of a state's sovereign immunity. In those cases, the Sheriff or Sheriff's Office is a proper defendant as an employer.

[3] It is unclear from the Complaint if Frye is suing Jenkins and Dorrough in both their individual and official capacities. However, because the Complaint is to be liberally construed at this stage, I will only dismiss the claims as they seek monetary damages in Jenkins's and Dorrough's official capacities.

### III.	Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter. . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action")). The Court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

Frye alleges in Count III that Defendants denied Ellis Frye equal protection under the Fourteenth Amendment when he was shot during a standoff but had treated others in similar situations differently.[4] To obtain relief under § 1983, Frye must establish that Jenkins and Dorrough deprived Ellis Frye of rights guaranteed by the Constitution or laws of the United States, and that this deprivation was the result of conduct of a person acting under color of state law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). "To state an equal protection claim, a plaintiff must plead sufficient facts to demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Green v. Maroules, 211 F. App'x 159, 162 (4th Cir. 2006). "For purposes of this analysis, persons who are in all relevant aspects alike are similarly

---

[4] The Sheriff's Office joins in this motion. However, because I find that the Sheriff's Office cannot be sued and that I must dismiss all claims against the Sheriff's Office, I will not evaluate the Sheriff's Office's arguments in this motion.

situated." Scarborough v. Frederick Cty. Sch. Bd., 517 F. Supp. 3d 569, 580 (W.D. Va. 2021) (Cullen, J.) (internal quotation marks omitted).

Frye claims that the Sheriff's Office "has a history of unreasonable use of force against African-American men." Dkt. 1 at 4. Frye argues that her neighbor "was killed by [the Sheriff's Office] under similar circumstances" as Ellis Frye but that Michael Jones, the white male who fired dozens of rounds of ammunition at a truck and allegedly threatened police officers, "was never shot." Id. at 4–5.

Here, Frye's allegations in the Complaint fail to meet the threshold requirement for an equal protection claim. She does not allege that Ellis Frye was treated differently from similarly situated individuals. Frye seems to use Jones to as an individual similarly situated to Ellis Frye who received different treatment. However, Frye fails to acknowledge two important facts that make Jones entirely different from Ellis Frye. First, Jones surrendered to law enforcement. Dkt. 1-2 at 2. Frye has not alleged that Ellis Frye surrendered to law enforcement but instead alleges that Ellis Frye left his front porch armed with two handguns and began walking toward officers. Second, Frye claims that the Sheriff's Office "has a history of disparate use of force when dealing with African-Americans" but has not alleged that Jenkins or Dorrough were present for the incident with Jones. The equal protection claim fails in light of these facts, which demonstrate that Ellis Frye and Jones were not "in all relevant aspects alike." Scarborough, 517 F. Supp. 3d at 580. Additionally, Frye's collective allegations against all "Defendants" fails to put Jenkins or Dorrough on notice of the specific allegations against them necessary to plausibly plead a Fourteenth Amendment violation. Langford v. Joyner, 62 F. 4th 122, 125 (4th Cir. 2023). Accordingly, I **GRANT** the motion to dismiss as to Count III of this action without prejudice.

### IV. Conclusion

Defendants' Motions to Dismiss, Dkts. 32, 34, are **GRANTED**. Frye's claims for monetary damages against the Sherriff's Office are **DISMISSED WITH PREJUDICE**. Frye's monetary claims against Jenkins and Dorrough in their official capacities are **DISMISSED WITH PREJUDICE**. Count III is **DISMISSED WITHOUT PREJUDICE**. The case remains pending against Jenkins and Dorrough in their individual capacities as to Counts I, II, IV, and V.

A separate order will follow.

Entered: July 19, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge