IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DEBI FRYE, as administrator and
    personal representative of the
    ESTATE OF ELLIS FRYE,
    and in her individual capacity,

        Plaintiff,

    v.        Case No.: 3:22-cv-70

SCOTT H. JENKINS, *et al*.,

        Defendants.

## PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT

Defendants former Sheriff Culpeper Scott H. Jenkins ("Sheriff Jenkins") and former Lieutenant D. Dorrough ("Lieutenant Dorrough") (collectively, "Defendants"), by counsel, and pursuant to Virginia Code § 8.01-55 and Fed. R. Civ. P. 41 move for this Court's approval of the compromise settlement negotiated by the parties. In support thereof, Defendants state as follows:

1. On November 26, 2020, Mr. Ellis Frye ("Mr. Frye") was pronounced dead by EMS after a standoff with deputies employed by the Culpeper County Sheriff's Office.

2. The plaintiff Debi Frye (hereinafter referred to as "Plaintiff") is the wife of Mr. Frye. Plaintiff is, and was at all relevant times, a resident of the Commonwealth of Virginia. On September 2, 2021, Plaintiff was duly qualified as Administrator of the Estate of Ellis Frye, Deceased, in the Office of the Clerk, Circuit Court of Culpeper under the provisions of Virginia Code § 64.2-454.

3. On November 26, 2022, Plaintiff, by counsel, commenced this action in the U.S. District Court for the Western District of Virginia asserting, among other things, claims pursuant to 42 U.S.C. § 1983 and Virginia's wrongful death statute.

4. Defendants deny that their actions or inactions, individually or collectively, caused the death of decedent.

5. Thereafter, the parties engaged in discovery.

6. The parties have reached an agreement to settle this matter upon certain terms and conditions, which include, (i) the payment to the Plaintiff of $325,000.00 by the Division of Risk Management in satisfaction of all damages, attorney's fees, and costs recoverable in this action against the Defendants (ii) the dismissal with prejudice of all claims by Plaintiff alleged in the Complaint and the execution of a release and settlement agreement which releases and forever discharges the Defendants and their respective heirs, owners, principals, employees, agents, and affiliated persons, from any and all liability for injuries and damages and any attorney's fees or other costs allegedly sustained by the estate or its beneficiaries or its decedent as a result of the incidents described in Paragraphs 1-3 of this Motion or the claims asserted in this action, (iii) the Court entering an Order approving the settlement, pursuant to and in accordance with Virginia Code § 8.01-55, as amended, and dismissing this action it its entirety with prejudice, (iv) to the extent permitted by law and with a recognition that Court approval and related public filing of this and other pleadings are required, confidentiality of the terms of the settlement, and (v) the Plaintiff satisfying any and all valid and enforceable claims or liens against the settlement proceeds from the settlement proceeds.

7. While it is alleged that the death of Ellis Frye was caused by the actions and/or inactions of Defendants, Defendants expressly deny any liability.

2

8. Plaintiff was included in all aspects of this action involving the death of her husband, the decedent; and, knowing the uncertainty of litigation, the expenses involved, and taking into consideration all of the facts concerning the incident, believe the proposed settlement is in the best interests of the decedent's statutory beneficiaries under all of the circumstances. Plaintiff understands that the settlement of this matter will release and discharge any and all claims that have been made or that could ever be made for injuries to, and/or the death of, the decedent, and that approval of the settlement will result in dismissal, with prejudice, of the present action and any and all claims included, or that could have been included, herein.

9. The Decedent, who was 62 years old and a resident of the Commonwealth of Virginia at the time of his death, is survived by the following class of statutory beneficiaries under the Virginia Death by Wrongful Act, Va. Code § 8.01-53:

  a. Debi Frye, spouse of the Decedent; and

  b. Ellis McKinley Frye, child of the Decedent

10. The foregoing comprises decedent's purported beneficiaries.

11. No medical expenses were incurred by decedent's estate to treat injuries sustained by decedent as a result of the incident prior to his death.

12. Funeral and burial expenses of $2,100.00 were incurred by Decedent's estate.

13. Plaintiff represents that she has not received notice of any claims or liens against the settlement proceeds from any provider, insurer, or payor, attorney, or any other entity, including, but not limited to, Medicaid and Medicare, for services or treatment rendered, or payments or benefits provided to or on behalf of the decedent as a result of the incident and/or the Decedent's death.

14. Plaintiff represents that she has been represented by the Law Office of Malik N. Drake, PLLC and that all attorneys' fees and costs and expenses incurred in the matter will be paid from the compromise settlement. Plaintiff's counsel total fee is $130,000.00 (40% of the gross recovery). Costs advanced by Plaintiff's counsel or otherwise incurred for representation of Plaintiff's total $8,225.66: $402.00 by U.S. District Court for the Western District of Virginia, $425.00 by A Security Training Academy, Inc., $1,047.06 by Casamo Court Reporting, $2,750.00 by Alpha Training and Consulting, $2,500.00 by Bartels Consulting, LLC, $627.00 by Planet Depos, and $474.60 by Zahn Court Reporting.

15. All sums paid to the statutory beneficiaries, which total $186,774.34, constitute damages on account of personal physical injuries and physical sickness, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended. The entire payment is compensatory in nature to compensate each beneficiary for the loss of their spouse or father; there being no finding warranting punitive damages, and none of these funds are in any way deemed to relate to any punitive claims that were brought or could have been brought against any defendant.

16. Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order (1) granting their motion for approval of compromise settlement; (2) requiring that the aforesaid statutory beneficiaries of the decedent be made party respondents to this motion, convened before this Court, and required to show cause, if any there be, why the aforesaid compromise settlement should not be approved; (3) confirming and approving the parties' settlement agreement in accordance with the provisions of Virginia Code § 8.01-55, as amended; (4) directing Plaintiff as to the distribution of the settlement proceeds, including the distribution to and among the statutory beneficiaries, and payment of attorneys' fees and costs; (5) upon

making the payments referenced in paragraph 6 above, Defendants will be released from any and all liability and claims arising from the death of Ellis Frye and that this matter will be dismissed with prejudice as to all Defendants, and (6) entering all such other orders and granting such further relief as may be necessary to effectuate the purposes of this motion. A Proposed Order and Disbursement Sheet are attached hereto as Exhibits 1 and 2, respectively.

Wherefore, Defendants, by counsel, respectfully request that the Court convene a hearing for the entry of an Order to approve this settlement, that Defendants be dismissed with prejudice, and grant such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

SCOTT H. JENKINS, and
LIEUTENANT DAVID DORROUGH

By Counsel

/s/ Rachel W. Adams
William W. Tunner, Esq. (VSB No. 38358)
Rachel W. Adams, Esq. (VSB No. 92605)
Daniel-Lester Edwards, Esq. (VSB No. 99337)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219
Phone: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
radams@t-mlaw.com
dledwards@t-mlaw.com

*Counsel for Defendants Scott H. Jenkins and Lieutenant D. Dorrough*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel of record, including:

Malik N. Drake, Esq.
Law Office of Malik N. Drake, PLLC
526 King Street, Suite 213
Alexandria, VA 22314
Telephone (703) 518-8875
Facsimile (703) 229-5645
malik@drakelaw.com

*Counsel for Plaintiff*

/s/ Rachel W. Adams
Rachel W. Adams, Esq. (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219
Phone: (804) 649-7545
Fax: (804) 780-1813
radams@t-mlaw.com

*Counsel* for *Defendants Scott H. Jenkins and Lieutenant D. Dorrough*

6