CLERK'S OFFICE U.S. DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 10 2024

LAURA A. AUSTIN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DEBI FRYE, as administrator and
personal representative of the
ESTATE OF ELLIS FRYE,
and in her individual capacity,

    Plaintiff,

v.                                                    Case No.: 3:22-cv-70

SCOTT H. JENKINS, *et al.*,

    Defendants.

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

This day came former Sheriff Culpeper Scott H. Jenkins ("Sheriff Jenkins") and former Lieutenant D. Dorrough ("Lieutenant Dorrough") (collectively, "Defendants"), in person and by counsel, as well as the statutory beneficiaries, and pursuant to Virginia Code § 8.01-55 and upon Defendants' motion, Defendants move for approval of the wrongful-death settlement.

It appearing to the Court that the matters agreed upon by the parties are as set forth herein and the same are hereby ratified, approved, and confirmed.

Specifically, it appearing to the Court that:

1.    All parties required by law to be convened are convened.

2.    Plaintiff has alleged that on November 26, 2020, Plaintiff's decedent Ellis Frye died after a standoff with employees of Culper County Sheriff's Office.

3.    On September 2, 2021, Plaintiff qualified as Administrator of the estate of Ellis Frye, Deceased, in the Circuit Court for the County of Culpeper under the applicable provisions of law.

4. On November 26, 2022, Plaintiff, by counsel, commenced this action in the U.S. District Court for the Western District of Virginia asserting, among other things, claims pursuant to 42 U.S.C. § 1983 and Virginia's wrongful death statute.

5. Defendants denied that their actions or inactions, individually or collectively, caused the death of decedent.

6. The parties herein have engaged in discovery.

7. Plaintiff and Defendants have informed the Court that they have reached a settlement contingent upon Court approval.

8. Specifically, without admitting any liability on the part of Defendants, the Division of Risk Management has agreed to pay, and Plaintiff has agreed to accept, cash with a present value in the amount of Three Hundred Twenty-Five Thousand Dollars ($325,000.00) in full settlement and discharge of all of Plaintiff's claims for all damages, attorneys' fees, or costs that have been or could have been asserted against any Defendant, or all of them, for the death of Ellis Frye.

9. The Court finds that Plaintiff had the authority to file her petition to negotiate and agree to a settlement; to sign the Settlement Agreement and Releases ("Agreements") consenting to the resolution of the claims as provided for in the Agreement; and to notice her petition for hearing for approval of the compromise settlement.

10. The settlement is fair and reasonable under all the circumstances.

11. The decedent, who was 62 years old and a resident of the Commonwealth of Virginia at the time of his death, is survived by the following class of statutory beneficiaries under the Virginia Death by Wrongful Act, Va. Code § 8.01-53:

a. Debi Frye, spouse of the Decedent; and

b.   Ellis McKinley Frye, adult child of the Decedent.

The foregoing comprise Ellis Frye's purported statutory beneficiaries.

12.   That, as per Virginia Code § 8.01-53 (1950, as amended), which designates applicable classes of beneficiaries, Plaintiff with the consent of the statutory beneficiaries have agreed that the following should receive distribution in this matter in the following amounts:

a.   Debi Frye: 75%

b.   Ellis McKinley Frye: 25%

13.   Plaintiff represents that she has not received notice of any claims or liens against the settlement proceeds from any provider, insurer, or payor, attorney, or any other entity, including, but not limited to, Medicaid and Medicare, for services or treatment rendered, or payments or benefits provided to or on behalf of the decedent as a result of the incident and/or the decedent's death.

14.   It appearing to the Court that the Law Office of Malik N. Drake, PLLC, has provided valuable legal assistance to the Plaintiff in the prosecution of this matter, it is hereby ORDERED that a total attorney's fee of $130,000.00, which is 40%, is awarded which shall be distributed as follows: $130,000.00 to the Law Office of Malik N. Drake, PLLC for legal services rendered. The Court finds that the foregoing fee is a reasonable amount for contingency fee work. The foregoing sum will be paid out of the settlement proceeds in this matter.

15.   It further appearing to the Court that certain costs and reimbursable expenses have been incurred and (in some instances) advanced by the law firm involved in this matter it is hereby ORDERED that the Law Office of Malik N. Drake, PLLC be reimbursed for costs advanced (or that remain outstanding) in the amount of $8,225.66, which is to be paid out of the settlement proceeds in this matter.

16.    Plaintiff as the administrator of the Estate of Ellis Frye is to be paid $2,100.00 from the settlement proceeds for the funeral expenses incurred.

17.    Plaintiff has moved that the sum remaining after the payment of attorney's fees and costs, $184,674.34, should be divided among the statutory beneficiaries in the percentages noted above. *See supra* at ¶ 13.

18.    The entire payment is compensatory in nature to compensate each beneficiary for the loss of their husband and father; there being no finding warranting punitive damages, and none of these funds are in any way deemed to relate to any punitive claims that were brought or could have been brought against any defendant.

It is ORDERED as follows:

1. that payments shall be made in the manner detailed in the "Disbursements Sheet," which is incorporated herein by reference;

2. that, upon completion and satisfaction of the terms of this Order, including the transfer of all payments, Defendants Sheriff Scott H. Jenkins and D. Dorrough, as well as any of their insurers, or reinsurers; their past, present and future owners; officers; directors; stockholders; attorneys; agents; servants; representatives; employees; independent contractors; subsidiaries; parent corporations; affiliated corporations; partners; predecessors and successors in interest; heirs; executors; administrators and assigns of them and any of them will be released and fully discharged from all liability for any and all claims, including any claim for payment by a healthcare treatment provider, third party payer, including Medicare and Medicaid, any claim for attorney's fees, costs, and interest, which may or can be

asserted against any or all of them, for the death of Ellis Frye, and this matter will be dismissed with prejudice;

3. that this case be removed from the Court's docket; and

4. that the Clerk of the Court issue certified copies of this Order to all counsel of record.

Enter: July 10, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge